1

2

3

*E-Filed 5/20/13*

4

5      UNITED STATES DISTRICT COURT

6      NORTHERN DISTRICT OF CALIFORNIA

7      SAN FRANCISCO DIVISION

8

9   GREGORY C. HARRISON, SR.,                No. C 13-0177 RS (PR)

10          Plaintiff,                **ORDER DISMISSING COMPLAINT**
                                   **WITH LEAVE TO AMEND**
11      v.

12   STEVE FREITAS,

13          Defendant.

14   _____/

15

16                          **INTRODUCTION**

17          This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

18   prisoner.  After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court

19   DISMISSES the complaint with leave to file an amended complaint on or before July 1,

20   2013.

21                          **DISCUSSION**

22   **A.    Standard of Review**

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.

25   *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

26   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

27   be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

28

United States District Court
For the Northern District of California

§ 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendant, his jailor, is denying him access to the courts by failing to give him sufficient access to legal materials.  Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Prison officials must provide prisoners with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Casey*, 518 U.S. at 356.  To establish a claim for a violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  *See id.* 518 U.S. at 350–55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a nonfrivolous claim concerning his conviction or conditions of confinement.  *See id.* at 354–55.

Plaintiff's allegations do not meet these requirements.  The Court cannot determine

United States District Court
For the Northern District of California

No. C 13-0177 RS (PR)
ORDER DISMISSING COMPLAINT

2

from the complaint what, if any, nonfrivolous claim the prisoner has regarding the legality, duration, or conditions of his confinement. Denial of library privileges without a connection to the basis of a valid claim is in and of itself insufficient. Thus, the complaint does not contain sufficient factual matter to state a claim for relief. Accordingly, the complaint is DISMISSED with leave to amend.

**Plaintiff shall file an amended complaint on or before July 1, 2013.** The first amended complaint must include the caption and civil case number used in this order (13-0177 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue, including the excessive force claim found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's claims regarding his allegedly illegal placement in administrative segregation are DISMISSED without prejudice. As they are unrelated to his access to the courts claim, he must file them in a separate civil rights action.

**IT IS SO ORDERED**.

DATED: May 20, 2013

_____
RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California